IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD CHERRY                                                    PLAINTIFF

vs.                              Case No. 4:13-cv-04095

SOUTHERN REFRIGERATED
TRANSPORT                                                        DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is Defendant's Second Motion for Sanctions.  ECF No. 54.  Plaintiff responded on March 23, 2015.  ECF No. 56.  Defendant filed their Reply Brief also on March 23, 2015.  ECF No. 57.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Susan O. Hickey referred the Motion to the undersigned for decision. After a review of the pleadings, this matter is ready for decision.

**1. Background**:

On October 15, 2013, Plaintiff filed a *pro se* Complaint against Defendant, Southern Refrigerated Transport, alleging discrimination based on race and color.  ECF No. 1.  On October 31, 2014, Defendant, served written discovery requests on Plaintiff by mail to Plaintiff's mailing address.  ECF No. 39.  Plaintiff's answers and responses were due on December 4, 2014.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 6(d).

On December 9, 2014, Defendant counsel sent an inquiry to Plaintiff regarding his failure to provide discovery responses.  *Id.*  Plaintiff claimed he had not received the requests.  *Id.*  On December 10, 2014, Defendant sent a courtesy copy of the discovery requests to Plaintiff by email.

-1-

In that correspondence, Plaintiff was asked if he would be able to provide responses that week, but Plaintiff indicated he would not.  *Id*.

On December 23, 2014, Defendant filed a Motion to Compel based on Plaintiff's failure to answer discovery requests.  ECF No. 33.   On January 6, 2015, Defendant's Motion to Compel was granted and Plaintiff was ordered to answer discovery requests by January 16, 2015.  ECF No. 35. On January 15, Plaintiff sent Defendant's counsel an email with an attachment entitled "Answers 1.doc" which stated, in its entirety:

> Answer to all questions and requests for productions from Defendant:
>
> Plaintiff's position is that each question or answer cannot be at this time be fully answered; based on the fact they are not relevant to this matter or that the Plaintiff will be requesting a hearing to question and fully have the Defendant's counsel explain its specific merit. This request was to be submitted today; January 15th, but the Clerk's office was closed early and prevented Plaintiff from submitting the needed documents. In such; Plaintiff is not refusing to answer any question or produce any document requested, but maintains a position to wait until the Court has deemed all requests valid; by each point; and will such comply with the Courts direction.
>
> The previous response is submitted for every question or request submitted by the Defendants counsel prior to January 15th.

ECF No. 39-1.

Based on Plaintiff's failure too responded to the outstanding discovery requests, Defendant filed a Motion for Sanctions seeking dismissal of Plaintiff's Complaint or any further relief deemed necessary.  ECF No. 38.  Plaintiff responded to Motion for Sanctions on January 30, 2015 with a document titled "Notice to Court."  ECF No. 44.  This response references email exchanges between the parties and the above referenced response sent to Defendant's counsel on January 15, 2015.  *Id.*

Following a hearing on Defendant's Motion for Sanctions (ECF No. 38), this Court found Plaintiff clearly violated a Court Order requiring him to answer the discovery requests. Although this Court declined to recommend a dismissal of Plaintiff's action at that time, the Plaintiff was sanctioned, ordered to pay $500.00 in monetary sanctions to Defendant, and was informed additional such action on his part would subject him to potential dismissal of his complaint. ECF No. 50. By further Order of this Court, Plaintiff was Ordered to answer all outstanding discovery requests made the subject of Defendant's Motion to Compel (ECF No. 33) no later than February 27, 2015. ECF No. 52.

According to Defendant, on February 24, 2015, Plaintiff emailed Defendant's counsel requesting a seven-day extension of time to answer discovery. ECF No. 55, Pg. 2. On February 25, 2015, Defendant's counsel responded that because the deadline was imposed by the Court, any extension would have to come from the Court rather than counsel. *Id.* Defendant states Plaintiff emailed counsel on February 27, 2015 (the date Plaintiff's discovery response were due) that his discovery had been sent Fedex. *Id.* On March 3, 2015, Defendant's counsel received Plaintiff's discovery responses and document production. *Id.*

According to Defendant, although most of the discovery was answered, there were several incomplete responses with Plaintiff's discovery answers. In an attempt to resolve these issues, Defendant sent Plaintiff correspondence on March 9, 2015 regarding the discovery deficiencies. ECF No. 55-2. In a further attempt to resolve the issues, the parties spoke on March 16, 2015. Defendant's counsel emphasized that the Court's deadline of February 27, 2015 had passed and still Plaintiff had not fully responded to the discovery requests.

Defendant states the remaining discovery disputes include: (1) Plaintiff's failure to verify his interrogatory answers by his signature, (2) Plaintiff's failure to complete and return a signed Authorization to Disclose Health Information and Request for Transcript of Tax Return, (3) Plaintiff's failure to properly respond to Interrogatory #3 and 4 which requested specific web address and URL's for accounts used by Plaintiff, along with usernames, (4) Plaintiff's failure to answer interrogatory #12 concerning the amount and source of all income and fringe benefits received since he last worked for Defendant, (5) Plaintiff's failure to respond to request for Production #1, (6) Plaintiff's failure to produce online research materials referenced in Request for Production #2, (7) Plaintiff's failure to produce electronic communications or posts relating to Plaintiff's job search after he left Defendant referenced in Request for Production #22, and (8) Plaintiff's failure to produce Facebook posts as referenced in Request for Production #23.  Because of Plaintiff's failure to completely answer the discovery requests, Defendant filed a Second Motion for Sanctions.  ECF No. 54

Plaintiff by his own response admits his failure to answer discovery prior to the Court's deadline  of February 27, 2015.  ECF No. 56.  Plaintiff states Defendant was informed on March 16th that the responses would be complemented and submitted.  *Id.*

**2.  Discussion**:

Plaintiff has now violated a Court order for the second time.  As stated above, on January 6, 2015, Defendant's Motion to Compel was granted and Plaintiff was ordered to answer discovery requests by January 16, 2015.  ECF No. 35.  After failing to follow the dictates of that order, Plaintiff was sanctioned and then ordered to answer the outstanding discovery request no later than February

-4-

27, 2015.  ECF Nos. 50, 52.  Plaintiff has now once again failed to follow a Court order by failing to answer Defendant's discovery requests by February 27, 2015.

Accordingly, Defendant's Second Motion for Sanctions (ECF No. 54) should be **GRANTED.**

**3. Conclusion:**

Based upon the foregoing, this Court recommends Defendants Second Motion for Sanctions (ECF No. 5) be **GRANTED** and recommends Plaintiff's Complaint be **DISMISSED** without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **2nd day of April, 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE